IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MOHAMMED LEE, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 13-0486 |
| MAJOR ABELLOS, et al., | |
| Defendants. | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                         August 23, 2013

Presently before this Court are two separate Motions to Dismiss: Defendants', Frederick Abellos, Gerald May, Louis Giorla, John P. Delaney, Lieutenant Henry, the City of Philadelphia, Philadelphia Prison System, "Motion to Dismiss for Failure to State a Claim," and Defendants', Corizon Health, Inc., Richard Hallworth, Rebecca Pinney, Geoff Perselay[1], Mary Silva, Latasha Deer, Dr. Eke Kalu, Brandon DeJulius and Dr. Bruce Blatt, "Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) and Fed. R. Civ. Pro. Rule 8(a)(2)," and Plaintiff's, Michael Mohammed Lee, Response in Opposition to both Motions. For the reasons set forth below, Defendants' Motions are granted.

I.     **BACKGROUND**

   A.     **The Parties**

Plaintiff, Michael Mohammed Lee ("Plaintiff"), is a adult male resident of the Commonwealth of Pennsylvania. Am. Compl. ¶ 5. At all times relevant to this litigation,

---

[1]Plaintiff incorrectly identified Defendant Perselay as "Presley" in the Amended Complaint.

Plaintiff was imprisoned at the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia, Pennsylvania. Id.

Defendant, Frederick Abellos ("Defendant Abellos"), is a Deputy Warden at CFCF. Id. ¶ 6. Defendant, Louis Giorla ("Defendant Giorla"), is the Commissioner of the Philadelphia Prison System ("PPS"). Id. ¶ 7. Defendant, John P. Delaney ("Defendant Delaney"), was the warden at CFCF. Id. ¶ 9. Defendant Gerald May ("Defendant May"), is a deputy warden at CFCF. Id. ¶¶ 10-11. Defendant, Henry ("Defendant Henry"), is a Lieutenant at CFCF.[2] Id. p. 2. Defendant, City of Philadelphia ("Defendant Philadelphia"), is a municipality organized by and through the Commonwealth of Pennsylvania that manages the PPS and employs the previously mentioned Defendants. Id. ¶ 17. Defendant, PPS, is a county prison system operated by Defendant Philadelphia. Id. ¶ 18.

Defendant, Corizon Health, Inc. ("Defendant Corizon"), is a Delaware corporation with a principal place of business in Brentwood, Tennessee. Id. ¶ 19. At all times relevant to this litigation, Defendant Corizon held the contract to provide all medical services to inmates in the PPS. Id. Defendant, Richard Hallworth ("Defendant Hallworth"), is the CEO of Defendant Corizon. Id. ¶ 20. Defendant, Rebecca Pinney ("Defendant Pinney"), is the Chief Nursing Officer at Defendant Corizon. Id. ¶ 21. Defendant, Geoff Perselay ("Defendant Perselay"), is a Senior Vice President at Defendant Corizon. Id. ¶ 22. Defendants, Mary Silva ("Defendant Silva"), Latasha Deer ("Defendant Deer") and Dr. Bruce Blatt ("Defendant Blatt"), are Vice Presidents at Defendant Corizon. Id. ¶¶ 23, 25, 27. Defendants, Dr. Eke Kalu ("Defendant

---

[2]Plaintiff fails to include Defendant Henry in the "Parties" section of the Amended Complaint, but does list her name, rank and occupation in the caption. See Am. Compl. p. 2.

Kalu") and Brandon DeJulius ("Defendant DeJulius"), are Regional Medical Directors at Defendant Corizon. Id. ¶¶ 24, 26.

### B. Plaintiff's Claims

In an effort to pare down Plaintiff's voluminous Amended Complaint, we have distilled his claims as arising from a series of alleged incidents. While incarcerated at CFCF, Plaintiff alleges that: he was injured in an attack by several correctional officers; he suffered injuries while getting down from the top bunk of his required sleeping area, which did not have a safety ladder, and received inadequate medical treatment for his injuries; and, he suffered retaliation and harassment for his filing of grievances and the current lawsuit. Id. ¶¶ 73, 80-84, 107, 135. Plaintiff's claims are brought pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1986, 1988, and the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Id. ¶ 1. Plaintiff seeks injunctive relief, declaratory relief, damages and punitive damages against Defendants for the alleged violations of his civil rights. Id.

### C. Procedural History

On January 30, 2013, Plaintiff filed a pro se civil rights action against Defendants May, Delaney and Abellos. See Doc. No. 3. After obtaining the representation of Geoffrey Seay, Esquire, Plaintiff filed a Motion for Leave to File an Amended Complaint, which the Court granted on June 12, 2013. See Doc. Nos. 13, 16. In the subsequent Amended Complaint, Plaintiff added the remaining eighteen Defendants. See Doc. No. 17. On July 7, 2013, Defendants Philadelphia, PPS, Giorla, Delaney, Abellos, May and Henry (collectively "Municipal Defendants") filed a Motion to Dismiss Plaintiff's Amended Complaint. See Doc. No. 19. Eleven days later, Defendants Corizon, Hallworth, Pinney, Perselay, Silva, Deer, Kalu,

3

DeJulius and Blatt (collectively "Corizon Defendants") filed an independent Motion to Dismiss. See Doc. No. 21.

## II. DISCUSSION

### A. Defendants' Motion to Dismiss for Violation of Federal Rule of Civil Procedure 8

The Federal Rules require that a complaint set forth a "short and plain statement of the claim" whereby "each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(a)(2) and (d)(1). Where the plaintiff fails to comply with Rule 8, district courts have the power to dismiss a complaint. Ala' Ad-Din Bey v. U.S. Dept. of Justice, 457 F. App'x 90, 91 (3d Cir. 2012) (affirming district court's dismissal); Vurimindi v. HSFLB Condominium Owners Assoc., No. 13-39, 2013 WL 3153756, at *3 (E.D. Pa. June 21, 2013); Vurimindi v. Achek, No. 09-5976, 2010 WL 3421095, at *2 (E.D. Pa. Aug. 27, 2010), aff'd, 515 F. App'x 95 (3d Cir. 2013). Dismissal has been found warranted where a complaint is rambling, unclear and/or unwieldy. See Tillio v. Kent, 477 F. App'x 881, 882 (3d Cir. 2012); Vurimindi, 2013 WL 3153756, at *3. However, "such sanction should not be imposed without granting leave to amend the defective pleading." Ala' Ad-Din Bey, 457 F. App'x at 91 (citing Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995)).

In separate Motions to Dismiss, Municipal and Corizon Defendants assert that the Plaintiff's Amended Complaint fails to comport with the requirements of Rule 8.[3] We agree. Here, Plaintiff's cumbersome and often rambling Amended Complaint spans forty-nine pages

---

[3] See Doc. No. 19 (Motion to Dismiss filed by Defendants Philadelphia, PPS, Giorla, Delaney, Abellos, May and Henry); Doc. No. 21 (Motion to Dismiss filed by Defendants Corizon, Hallworth, Pinney, Perselay, Silva, Deer, Kalu, DeJulius and Blatt).

4

with approximately two hundred and sixty-seven paragraphs including one hundred and eighty-eight numbered paragraphs and seventy-nine lettered subparagraphs. See Am. Compl. While we note that a suit involving multiple claims against a plethora of defendants (in this case twenty-one) usually warrants lengthier pleadings, much of Plaintiff's Complaint is comprised of irrelevancies[4] and "conclusory or argumentative statements masquerading as facts." Vurimindi, 515 F. App'x at 97. The inclusion of this unnecessary information has polluted the Complaint, which in turn has hindered the Court's ability to analyze Plaintiff's claims and Defendants' capacity to file a timely and complete response. See Shulman v. Zsak, 485 F. App'x 528, 532 (3d Cir. 2012).

For the aforementioned reasons, Defendants' Motions to Dismiss are granted without prejudice. Plaintiff has leave to amend the complaint, but we caution Plaintiff to submit a "clear and concise pleading," which includes "only those facts necessary to state the claims Plaintiff intends to pursue." Vurimindi, 2013 WL 3153756, at *3; Hoffenberg v. Grondolsky, No. 09-4784, 2009 WL 5103181, at *4 (D.N.J. Dec. 17, 2009). Any further failure to comply with the requirements of Rule 8 will result in Plaintiff's claims being dismissed with prejudice. See In re Westinghouse Sec. Litig., 90 F.3d 696, 704 (3d. Cir. 1996).

### B. Plaintiff's Claims Against Defendant PPS

Since Defendant PPS is a municipal agency of the City of Philadelphia with no separate existence of its own, it is not subject to suit. Baylor v. Phila. Prison System, No. 10-1468, 2010

---

[4]For example, at paragraph 46 in the Amended Complaint, Plaintiff provides a detailed history of past litigations, newspaper articles, letters, statements, etc., which bear no relevance to his claims against Defendants. See Am. Compl. ¶ 46. This extraneous background information spans over seven pages and consists of thirty-nine paragraphs and fifteen subparagraphs. Id.

WL 3191803, at *1 (E.D. Pa. Aug. 11, 2010); Griffith v. Phila. Prison Systems, No. 99-6338, 2001 WL 876804, at *1 (E.D. Pa. May 18, 2001). "All suits growing out of [PPS'] transactions . . . shall be in the name of the City of Philadelphia." 53 P.S. § 16257. Here, Plaintiff has named the City of Philadelphia as a defendant in this case. Consequently, all claims against Defendant PPS are dismissed.

### III. CONCLUSION

For the aforementioned reasons, Defendants' Motions to Dismiss without prejudice are granted. However, Plaintiff is allowed leave to amend the Complaint. In addition, all claims against Defendant PPS are dismissed with prejudice.

An appropriate Order follows.